Wayne Mortensen (#18519)
FARNSWORTH MORTENSEN LAW OFFICES
1837 S. Mesa Dr., Ste. A103
Mesa, AZ 85210
(480) 820-3600
Fax (480) 820-4800
fmcourt@gmail.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | ) In Proceedings Under |
| | ) Chapter Thirteen |
| KUMPON CHIMKONG | ) |
| | ) Case No. 4-08-bk-02775 EWH |
|     Debtor | ) |
| SAXON MORTGAGE SERVICES, INC. | ) RESPONSE TO MOTION FOR |
| | ) RELIEF FROM THE AUTOMATIC |
|     Movant | ) STAY |
| | ) |
| vs. | ) |
| | ) |
| KUMPON CHIMKONG; | ) |
| DIANNE C. KERNS, Trustee | ) |
|     Respondent | ) |

COMES NOW Debtor, KUMPON CHIMKONG, by undersigned counsel, who hereby responds to the Motion for Relief from the Automatic Stay of SAXON MORTGAGE SERVICES, INC. and states as follows:

1) Debtor filed his voluntary petition in the United States Bankruptcy Court for the District of Arizona on or about MARCH 18, 2008, thereby commencing this above-captioned Chapter 13 proceeding. DIANNE C. KERNS is the duly appointed, qualified and acting Chapter 13 Trustee in this matter.

2) Creditor, SAXON MORTGAGE SERVICES, INC., holds a perfected security interest in real property of the Debtor, commonly known as:

**6734 East Calle Cappela, Tucson, Arizona 85710**

3) Upon the filing of the Debtor's Chapter 13 proceeding, the Debtor was current in his mortgage payments to Movant.

1  4) Debtor has prepared a Chapter 13 Plan that provides for adequate protection of Movant's interest in that the Debtor is to maintain regular monthly payments to Movant outside of the Plan.

  5) The Debtor wishes to retain the property and is currently working with Movant on a possible loan modification. Therefore, the Debtor respectfully requests that the stay remain in full force and effect on the property while Movant reviews his options.

  6) The Debtor believes that there is sufficient equity in the property and that continued possession of the property is necessary for an effective reorganization. As per the holding of United States Assoc. v. Timbers of Inwood Forest, 484 U.S. 365, 98 L.Ed.2d 740, 108 S. Ct. 626 (1988), the continued possession of the property by the Debtors is "essential" for an effective reorganization, and there is a "reasonable possibility of a successful reorganization within a reasonable time."

  7) The party moving for lift of stay must, in the first instance, establish a sufficient basis for relief; only then does the burden of proof lie with the Debtor to demonstrate that he/she is entitled to the stay. In re Curtis, 40 Bankr. 795 Utah (D.C.D. 1984); 11 U.S.C. Sec. 362(d)(1); In re UNR Industries, Inc., 54 Bankr. 263 (B.C.N.D. Ill. 1985). In re Planned Systems, Inc., 78 BR 852 (B.C.S.D. Ohio 1987); In re Kim, 71 BR 1011 (B.C.C.D. Cal 1987). As stated in In re Kim, "... a creditor seeking relief from the automatic stay has the burden proving evidence to make a prima facie case that the creditor is entitled to relief from the stay. In re Kim, supra at p. 853.

  8) An equity cushion alone is itself generally sufficient to constitute adequate protection. In re San Clemente Estates, 5 Br 605 (B.C.S.D. Cal. 1980); In re Johnston, 38 BR 34 (B.C.D.C. Vt. 1983); In re Grant, 29 BR 375 (B.C. M.D. Pa. 1983). Matter of Rice, 82 BR 623 (S.D. Ga. 1987). This is true even if penalties and interest are accruing because creditor remains fully secured. In re Johnston, supra.

/////
/////
/////
/////

An equity analysis however, is not the sole aspect of determining whether to modify the stay and even if the Debtors have <u>no</u> equity in the property, this <u>is not</u> sufficient standing alone to grant relief from the stay. <u>In re Mellow.</u> 734 F. 2d 1396 (9th Cir. 1984). Disparity between the amount of debt and the collateral is not evidence of lack of adequate protection, and is not grounds for vacating the stay. <u>In re Ausherman</u>, 34 BR 393 (N.D. Ill. 1983).

If the existence of equity by the Debtor in the property were the sole criterion in determining whether there is adequate protection of a secured creditors' interest, then the stay would have to be lifted against tangible property in nearly every consumer bankruptcy. This result would be contrary to the spirit and purpose of the Bankruptcy Code.

WHEREFORE, premises considered, Respondent-Debtor prays that Movant-Creditor's Motion for Relief from the automatic stay be denied.

RESPECTFULLY SUBMITTED this __30th__ day of __November__, 2009.

FARNSWORTH LAW OFFICES


 /s/ Wayne Mortensen (#18519)
Wayne Mortensen
Attorney for Debtor

Copies of the foregoing sent
electronically and/or mailed
this __30th__ day of
__November__ 2009, to:

Dianne C. Kerns, Trustee
mail@dcktrustee.com

Leonard McDonald
Tiffany & Bosco, P.A.
2525 E. Camelback Rd., Ste. 300
Phoenix, AZ 85016
Attorney for Movant


 /s/ Susan Krause